**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

DONNA GAIL THOMPSON,

        Plaintiff,

v.                                            CIVIL ACTION NO.  2:16-cv-9790

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This action for judicial review of an administrative determination under the Social Security Act was referred to a United States Magistrate Judge for proposed findings of fact and recommendation for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Now pending before the Court are Claimant's request for judgment on the pleadings and Defendant's request to affirm the decision below. The Magistrate Judge recommends that this Court deny Claimant's request, grant Defendant's request, affirm the final decision of the Commissioner, and dismiss this matter from the Court's docket. Plaintiff filed an objection to the PF&R on April 24, 2017. ECF No. 14. For the following reasons, the Court **ADOPTS AND INCORPORATES HEREIN** the Magistrate Judge's PF&R.

## I.      Background

Claimant filed applications for Title II and Title XVI benefits on July 21, 2014, alleging disability beginning June 19, 2014 due to "stomach pain, panic attacks, arthritis, chronic migraine headaches, anxiety disorder, depression, bronchitis, fibromyalgia, and bowel disorder." ECF No.

13, at 2. Her claims were denied throughout the preliminary stages of the claims process and, after an administrative hearing, an Administrative Law Judge ("ALJ") entered a decision finding Claimant not disabled. *Id*. The denial of benefits became the final decision of the Commissioner on August 17, 2016. *Id*.

Claimant filed the present action on October 17, 2016, seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). *Id*. After the Complaint was answered, both Claimant and Defendant filed Briefs in Support of Judgment on the Pleadings. ECF Nos. 11, 12. The Magistrate Judge, upon review, filed Proposed Findings and Recommendations on April 7, 2017. ECF No. 13. Claimant filed an objection to the PF&R on April 24, 2017, ECF No. 14, and Defendant filed a timely response on May 2, 2017, ECF No. 15. Claimant's sole objection to the PF&R is that the ALJ's "proposed stipulation" needs further clarification before her claims may be properly dismissed. ECF No. 14.

## II.    Standards of Review

### a.    Standard of Review of PF&R

In reviewing the PF&R, this Court must "make a de novo determination of those portions of the … [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In doing so, the Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### b.    Standard of Review of Commissioner's Decision

Pursuant to 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." After reviewing the prescribed materials, if the Court finds that the Commissioner's decision is

supported by "substantial evidence," the Court must affirm the decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III.    Discussion

As noted, Claimant's sole objection to the PF&R rests upon the lack of clarification regarding a statement the ALJ made during the administrative hearing. ECF No. 14. Accordingly, the Court restricts its review and examination to this statement and its effect upon the substantial evidence of the record.

During the administrative hearing of this case, the presiding ALJ heard testimony from William Tanzey, a vocational expert. Tr. at 90. In the course of his testimony, Mr. Tanzey was asked to review Dr. Ronald Chattin's assessment of Claimant dated March 25, 2015. Tr. at 92. Mr. Tanzey was then asked to opine on the physical limitations of Claimant if the assessment was to be taken as true. Tr. at 94. Mr. Tanzey testified that, if the assessment was true, Claimant would be unable to perform even sedentary jobs. *Id*. To achieve efficiency in the hearing, the ALJ soon thereafter made the following statement: "I'll stipulate that any [vocational expert] worth his salt with those limitations would say there's no jobs." Tr. at 95.

Claimant apparently interpreted this statement to mean that the ALJ was "stipulating" to "the opinions of the treating physicians as those opinions related to the plaintiff's disability." ECF No. 11, at 4. Accordingly, Claimant asserts that she relied on the ALJ's stipulation to her detriment. As discussed in the PF&R, however, the ALJ properly afforded "little weight" to the opinions of Dr. Chattin. ECF No. 13, at 27. The Magistrate Judge found that the ALJ had adequately analyzed Dr. Chattin's medical opinions and sufficiently explained his decision to give them little weight in his decision. *Id*. Claimant has filed no objections to these conclusions.

Because there are no objections to the Magistrate Judge's findings that the ALJ properly discounted the opinions of Dr. Chattin, the Court adopts those findings as true. The Court subsequently finds that, to whatever extent the ALJ made a stipulation during the course of the administrative hearing, the stipulation was contingent and dependent on a finding that Dr. Chattin's reports were to be taken as true. Because the ALJ ultimately found that little weight was due to Dr. Chattin's reports, no stipulation contingent on those reports could logically come to pass. The Court therefore finds that the ultimate conclusions of the ALJ were supported by the substantial evidence of the record and must be affirmed. Accordingly, the Court overrules Plaintiff's objection to the PF&R.

## I.    Conclusion

For the reasons stated above, the Court **ADOPTS AND INCORPORATES** the Magistrate Judge's PF&R. ECF No. 13. Claimant's request for judgment on the pleadings, ECF No. 11, is **DENIED** and Defendant's request to affirm the decision below, ECF No. 12, is **GRANTED**. Claimant's objection to the PF&R, ECF No. 14, is **OVERRULED**. The final decision of the Commissioner is **AFFIRMED** and this matter is **DISMISSED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:      March 14, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE